In the Matter of the Construction of the Last Will and Testament of FRANK H. MILLER, Deceased.

HENRIETTA SEITZ, Appellant; MYRTLE M. MAGRUM, Respondent.

Fourth Department, November 23, 1927.

**Wills — construction — devise of residue to two daughters — direction to executor to sell — option was given in will to one daughter to buy home for $8,000 — option meant that entire title and not one-half interest could be purchased for $8,000.**

The testator devised the residue of his estate, including a house and lot, to his two daughters and gave power to the executor to sell real property, and then provided that one of the daughters might have the option within one year after his death to purchase testator's home for $8,000. The option means that the daughter mentioned may have full title to the home upon the payment of $8,000, and not that $8,000 would pay for a one-half interest in the home.

APPEAL by Henrietta Seitz from a decree of the Surrogate's Court of the county of Erie, entered in the office of the clerk of said Surrogate's Court on the 5th day of July, 1927.

*Alvin E. Ouchie [Carlton E. Ladd and W. J. Wetherbee of counsel],* for the appellant.

*Messer & Stearns [G. Raynolds Stearns, Jr., of counsel],* for the respondent.

Per Curiam.    In the will in question, immediately following a provision for payment of debts and funeral expenses, comes the residuary clause in which the testator devises and bequeaths to his two children, Henrietta Seitz and Myrtle Magrum, " all the rest, residue and remainder of my property, both real and personal." Paragraph 3 directs that the executor sell and convert into cash any and all real property of which testator may die seized.    In paragraph 4 testator's daughter Henrietta Seitz is given the option within one year after testator's death to purchase from the executor the testator's home for the sum of $8,000.    The learned surrogate has determined that in and by this 4th paragraph the testator intended that the $8,000 was to be the purchase price of one-half of the property, and that the $8,000, if paid, should all go to Myrtle M. Magrum.

We are unable to concur in this construction.    If the testator had intended to provide that Henrietta Seitz might obtain title to the homestead by paying her sister $8,000, or that the premises might be sold to Henrietta for $16,000, he could easily have said so directly.    The plain language of the will seems to import that the testator desired to give his daughter Henrietta the privilege of obtaining title to this homestead upon payment to the executor of the sum of $8,000, whatever the value of the property.    The position in the will of the residuary clause and the clause providing for converting real property into cash, preceding the clause giving the purchase privilege to Henrietta Seitz, is of no significance.

The performance of the duties incumbent upon the executor under these clauses of the will must necessarily await for one year the exercise of the privilege specified in paragraph 4.

The decree appealed from should be reversed and the matter remitted to the Surrogate's Court for the entry of a decree in accordance with this opinion.

All concur.    Present — Hubbs, P. J., Sears, Crouch, Taylor and Sawyer, JJ.

Decree reversed, with costs, and matter remitted to the Surrogate's Court with directions to enter a decree in accordance with the opinion.